IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

YURIY SEROV,                          )
                                      )
            Petitioner,               )
                                      )
    vs.                               )    Civil Action No. 3:25-cv-259
                                      )    Judge Stephanie L. Haines
LEONARD ODDO, *Warden, Moshannon*     )    Magistrate Judge Richard A. Lanzillo
*Valley Processing Center et al.*,    )
                                      )
            Respondents.              )

## MEMORANDUM ORDER

Presently before the Court is an emergency petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed on August 19, 2025, by Yuriy Serov ("Petitioner") (ECF No. 1). On August 4, 2025, the Department of Homeland Security ("DHS") revoked Petitioner's Order of Supervision ("OSUP") and he is currently detained at Miami Correctional Center. Petitioner claims that his detention under 8 U.S.C. § 1231(a)(3) is unlawful and he seeks a writ of habeas corpus requiring that he be released. This matter was referred to Magistrate Judge Richard A. Lanzillo for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On April 7, 2026, Magistrate Judge Lanzillo filed a Report and Recommendation (ECF No. 25) recommending that the Petition (ECF No. 1) be granted and Petitioner should be released subject to appropriate conditions in accordance with 8 U.S.C. § 1231(a)(3). The Parties were advised they could file objections to the Report and Recommendation by April 21, 2026. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Respondents filed Objections on April 8, 2026 (ECF No. 26), incorporating by reference their arguments in the Response to the Petition (ECF No. 10) and preserving the issue for appeal. Petitioner filed a Response (ECF No.

1

27) on April 9, 2026, stating he had no objections to the Magistrate Judge's Report and Recommendation and bolstered the arguments in favor of release.

The arguments in Respondents' Response that were preserved in their Objections are three-fold. First, Respondents state that this Court lacks jurisdiction to rule upon the issue of revocation of supervision as it is inextricably intertwined with the execution and removal order and not subject to judicial review under 8 U.S.C. § 1252(g). Second, they state that Petitioner has failed to exhaust administrative remedies under 8 C.F.R. § 241.13(j). Third, Respondents state that Petitioner did not bear the burden of showing that his likelihood of removal is not reasonably foreseeable.

This Court finds that Magistrate Judge Lanzillo correctly found that Petitioner is entitled to release under 8 U.S.C. § 1231(a)(2). Petitioner has been detained for eight months (beyond the 6-month presumptively reasonable time-frame) and there is no significant likelihood of removal in the foreseeable future given the long history of Russia's refusal to grant travel papers to Petitioner. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). As to the objection calling into question the Court's jurisdiction, Judge Lanzillo states, the general habeas statute, 28 U.S.C. § 2241, confers jurisdiction on this Court to hear both statutory and constitutional challenges to Petitioner's detention. *See Zadvydas*, 533 U.S. 678, 687-88. The statute authorizes the Court to grant a writ of habeas corpus to a person held "in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). ECF No. 25, p.3. Thus, this Court has jurisdiction over Petitioner's claim.

Finally, there is no exhaustion requirement where Petitioner is challenging the constitutionality of the government's procedure which is not within the purview of the Board of Immigration Appeals. "As we see it, a claim is 'available as of right' if, at the very least, (1) the alien's claim was within the jurisdiction of the BIA to consider and implicated agency expertise,

and (2) the agency was capable of granting the remedy sought by the alien." *Bonhometre v. Gonzales*, 414 F.3d 442, 447 (3d Cir. 2005). Before the Court is an issue of Petitioner's constitutional rights. *See Marrero v. I.N.S.*, 990 F.2d 772, 778 (noting that exhaustion would not be required where the BIA did not have jurisdiction to adjudicate a particular claim); *Vargas v. U.S. Dept. of Immigration and Naturalization*, 831 F.2d 906, 908 (9th Cir.1987) (holding that certain due process claims "are exempt from [exhaustion] because the BIA does not have jurisdiction to adjudicate constitutional issues" and "[a]lthough due process claims are generally exempt from the exhaustion requirement, we do not review 'procedural errors correctable by the administrative tribunal' "). *See also, cf Bak v. INS*, 682 F.2d 441, 443 (3d Cir.1982) ("the Board could have reversed the immigration judge, and thus exhaustion is necessary under section 1105a(c)"); *see also Sewak v. I.N.S.*, 900 F.2d 667, 670 (3d Cir.1990) (noting that "Sewak's due process claim amounts to a procedural error correctable through the administrative process").

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 23rd day of April, 2026, IT IS ORDERED that the emergency petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) hereby is GRANTED. Petitioner shall be released from Immigration and Customs Enforcement ("ICE") detention subject to the appropriate conditions in accordance with 8 U.S.C. § 1231(a)(3); and

IT IS FURTHER ORDERED that Respondents' Objections (ECF No. 26) are OVERRULED; and,

IT IS FURTHER ORDERED that Magistrate Judge Lanzillo's Report and Recommendation (ECF NO. 25) is adopted, as supplemented, as the Opinion of the Court; and,

3

IT IS FURTHER ORDERED that the Emergency Motion to Expedite (ECF No. 18) is DENIED as MOOT; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

_____
Stephanie L. Haines
United States District Judge